**STATE of Maine**

v.

**Philip FRENETTE.**

Supreme Judicial Court of Maine.

July 3, 1978.

---

William P. Donahue, Dist. Atty., Eric B. Cote (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Smith, Elliott, Wood & Nelson by George F. Wood (orally), Terrence D. Garmey, Stephen R. Lamson, Saco, for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ., and DUFRESNE, A. R. J.

WERNICK, Justice.

A complaint brought in the District Court (District Ten) accused defendant Philip Frenette of having assaulted a law enforcement officer while the officer was in the performance of his official duties, in violation of 17–A M.R.S.A. § 752(1)(A). The case was transferred to the Superior Court (York County), and a jury trial was held on December 12, 1977. The jury found defendant guilty as charged. Defendant has appealed from the judgment of conviction entered on the verdict.

We deny the appeal.

On June 24, 1976, defendant ate dinner at a restaurant in Old Orchard Beach with his wife, his brother and a friend. A dispute arose over payment of the $22 dinner bill. Defendant left the restaurant believing that his brother was to pay the bill. While defendant was outside, a hostess of the restaurant stopped defendant to discuss payment of the bill. In the meantime, the police had been called. In response to the call Officer Dana Kelly of the Old Orchard Beach Police Department came to the restaurant. He saw defendant and the hostess arguing. When he was informed about the reason for the dispute, Officer Kelly undertook to stop the argument. He told defendant that he would have to pay for the meal. Defendant refused and started to walk away. The officer stepped in front of defendant and told him that he would have to stay there until the matter was straightened out.[1] According to Officer Kelly, defendant then

"came at me, after I tried to hold him back several times. He grabbed ahold of me and had his arms around my neck. I broke away from him and pulled out my portable radio, [and] called for help to come to that area. As I did, he came at

___

1. Officer Kelly testified that he had not arrested defendant at this point but had merely attempted to detain defendant for investigatory purposes.

me again. I took out my flashlight, which is a metal flashlight, I told him he was under arrest. I told him that several times during the course of the fight, and he told me he would show me how to use that flashlight. When he came at me again I struck him with the flashlight on the head."

The testimony of the hostess was that after she had followed defendant out onto the street and was attempting to get him to pay the bill, Officer Kelly arrived and also tried to reason with defendant. Defendant then

"started using violence against Officer Kelly. He was shoving him around, really awful, and pushing him, and all. I hollered in to call more help for Officer Kelly. When he took out his flashlight and Mr. Frenette went at him, he hit him with a flashlight."

Defendant's appeal asserts the conviction must be reversed because the evidence failed to establish that Officer Kelly was "in the performance of his official duties" when he was assaulted. In support of this claim defendant argues that Officer Kelly must be held to have left the performance of his official duties for one (or more) of three alternative reasons: (1) the officer lacked legal justification to make the initial detention of defendant if that be taken as an investigatory detention; (2) even if there was a justification to detain for investigation, Officer Kelly exceeded the scope of his detention authority by resorting to physical force to accomplish the detention; (3) in any event, in all the circumstances Officer Kelly's conduct must be characterized as an *arrest* of defendant, and the arrest was unlawful because it purported to be an arrest for the Class E crime of theft of services not in excess of $500 (17–A M.R. S.A. §§ 357, 362), the crime not having been committed in the officer's presence.

Defendant's argument must fail.

The second and third alternatives of the argument are unavailable to defendant because they rest on factual premises unsupported in the record. On all the evidence the jury had sound basis to find that Officer Kelly was assaulted before he had used any physical force against defendant or had engaged in conduct which could be deemed an arrest.

█ Defendant's first alternative of argument—that there was no legal justification for Officer Kelly, even if he acted without use of physical force, to detain defendant for investigatory purposes—involves a misconception of the law. A police officer has authority to detain persons, without resort to physical force, as reasonably necessary to conduct a limited investigation regarding a misdemeanor, or Class E crime, not committed in his presence. See *State v. Clark*, Me., 365 A.2d 1031 (1976).[2] Here, then, Officer Kelly did not act beyond the scope of his official duties when, without resort to physical force, he initially detained defendant for the purpose of investigating, and seeking to resolve, the controversy between the hostess of the restaurant and defendant as to payment of the restaurant bill.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY and GODFREY, JJ., did not sit.

**2.** 17–A M.R.S.A. § 15 provides that a law enforcement officer has the authority *to arrest* without a warrant "any person who he has probable cause to believe had committed" a theft of services of $1000 or less "if the officer reasonably believes that the person will not be apprehended unless immediately arrested." The *special* law enforcement interest thus indicated is a further policy consideration justifying detention for investigation of the particular crime involved in this case.